UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No. 20-cv-81254-MATTHEWMAN

JAY MOLBOGOT,

      Plaintiff,

vs.

MARINEMAX EAST, INC.,

      Defendant.

_____/

FILED BY_____KJZ_____D.C.

Nov 12, 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES [DE 15]

**THIS CAUSE** is before the Court upon Plaintiff, Jay Molbogot's ("Plaintiff") Motion to Strike Defendant, MarineMax East, Inc.'s Affirmative Defenses ("Motion") [DE 15]. Defendant has filed a response [DE 17], and Plaintiff has filed a reply [DE 21]. The matter is now ripe for review. The Court has carefully considered the Answer and Affirmative Defenses, the Motion, the response, and the reply, as well as the entire docket in this case.

## I.     BACKGROUND

On August 2, 2020, Plaintiff filed a Complaint against Defendant alleging fraud in the inducement (count 1), violation of the Florida Deceptive and Unfair Trade Practices Act (count 2), and negligence (count 3) related to Plaintiff's purchase of a vessel from Defendant. [DE 1]. Defendant filed an Answer and Affirmative Defenses [DE 11] on September 8, 2020. It alleged 13 affirmative defenses. *Id*.

1

## II.   THE MOTION, RESPONSE, AND REPLY

### A.  Plaintiff's Motion [DE 15]

In the Motion, Plaintiff asserts that Defendant's First, Second, Third, Fourth, Sixth, Eighth, Ninth, Eleventh, Twelfth, and Thirteenth affirmative defenses should be stricken from the pleadings, as "each is either insufficient to state a valid defense or is wholly irrelevant to the causes of action alleged in the Complaint." [DE 15, p. 1].

### B.  Defendant's Response [DE 17]

In response, Defendant first argues that Plaintiff "failed to even attempt to make a good faith effort to resolve the dispute prior to filing his Motion." [DE 17, p. 4]. Defendant next contends that "Plaintiff has failed to demonstrate that it is proper for the Court to strike MarineMax's Affirmative Defenses," and that "[i]t appears the Plaintiff is seeking a dispositive ruling from the Court on the merits of the defenses, rather than the sufficiency of how they are pleaded." *Id.* at p. 5. According to Defendant, it has asserted properly pled sufficient defenses, Plaintiff has not established that he was prejudiced by inclusion of the affirmative defenses, and the defenses put Plaintiff on notice, as required. *Id.* at p. 12.

### C.  Plaintiff's Reply [DE 21]

Plaintiff asserts that his counsel failed to properly confer with Defendant's counsel before filing the motion because Plaintiff "was constrained by Rule 12(f)(2), which requires Plaintiff to file its Motion to Strike within 21 days," and defense counsel wanted to confer after that 21-day period had elapsed. [DE 21, pp. 1-2].

## III.   FAILURE TO PROPERLY CONFER

The Court has carefully considered Plaintiff's alleged failure to properly confer prior to filing his Motion. While Local Rule 7.1(a)(3) does require conferral before filing a motion, the

2

Court does not find it appropriate to deny Plaintiff's Motion on that basis. First, Plaintiff was trying

to comply with the deadline set forth by Federal Rule of Civil Procedure 12(f)(2), and Plaintiff's

counsel did make an attempt—albeit an insufficient attempt—to confer with Defendant's counsel

prior to filing the Motion. Second, the Court prefers to rule on the merits in a situation such as this

one for purposes of both fairness and judicial economy. However, both parties are hereby put on

notice that the Court will not tolerate any further violations of the Local Rules in this case, and the

Court does require good-faith conferral before filing motions.

## IV.   ANALYSIS

### A.  Applicable Law

Federal Rule of Civil Procedure 12(f) provides that a "court may strike from a pleading

any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Courts have

held that a defense is "insufficient as a matter of law if, on the face of the pleadings, it is patently

frivolous ... or if it is clearly invalid as a matter of law." *Freestream Aircraft USA Ltd. v. Chowdry*,

No. 16-CV-81232, 2018 WL 2002419, at *3 (S.D. Fla. Apr. 30, 2018) (citing *Anchor Hocking

Corp. v. Jacksonville Elec. Auth.*, 419 F. Supp. 992, 1000 (M.D. Fla. 1976) (citations omitted)).

Motions to strike are generally disfavored and "will usually be denied unless the allegations

have no possible relation to the controversy and may cause prejudice to one of the parties." *Carlson

Corp./Southeast v. School Bd. of Seminole Cnty.*, 778 F. Supp. 518, 519 (M.D. Fla. 1991). "Despite

the Court's broad discretion, a motion to strike is considered a drastic remedy and is often

disfavored." *Laferte*, 2017 WL 2537259, at *1 (citing *Thompson v. Kindred Nursing Ctrs. E., LLC*,

211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002)).

In the Southern District of Florida, some courts have determined that affirmative defenses

are subject to—and some courts have found that affirmative defenses are not subject to—the

3

heightened pleading standard elucidated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *Laferte v. Murphy Painters, Inc.*, No. 17-CIV-60376, 2017 WL 2537259, at *2 (S.D. Fla. June 12, 2017). Although there is a split among courts regarding whether affirmative defenses are subject to the heightened pleading standard of Rule 8(a) or not, the undersigned finds that, absent guidance from the Eleventh Circuit or the Supreme Court, the argument that they are not subject to the heightened standard to be more persuasive. *See Mt. Hawley Ins. Co. v. Boca Bayou Condo. Ass'n, Inc.*, No. 18-CV-81656, 2019 WL 7837288, at *3 (S.D. Fla. Dec. 20, 2019), *report and recommendation adopted,* No. 18-81656-CIV, 2020 WL 1441921 (S.D. Fla. Mar. 25, 2020; *Dionisio v. Ultimate Images & Designs, Inc.*, 391 F. Supp. 3d 1187, 1192 (S.D. Fla. 2019) (Bloom, J.) ("In this Court's view, affirmative defenses are not subject to the heightened pleading standard elucidated in *Twombly* and *Iqbal*. The straightforward construction of Rule 8 delineates different standards for pleadings generally, and those applicable to defenses."); *see also Sparta Ins. Co. v. Colareta*, No. 13-60579-CIV, 2013 WL 5588140, at *3 (S.D. Fla. Oct. 10, 2013) (Rosenbaum, J.) ("[T]his Court is ultimately convinced of the correctness of the cases holding that the clearness in the difference in the language between Rule 8(a) and Rules 8(b) and (c) requires a different pleading standard for claims and defenses.").

Therefore, as long as the affirmative defenses give Plaintiff notice of the claims Defendant will litigate, and vice versa, the defenses are appropriately pled under Rules 8(b) and (c). *Sparta Ins. Co.*, 2013 WL 5588140, at *3.

### B.  First Affirmative Defense

Defendant's First Affirmative Defense states: "Plaintiff's claims are barred by the doctrine of *caveat emptor*." [DE 11, p. 8]. Plaintiff argues that the defense is "irrelevant and immaterial to the causes of action pled by Plaintiff. Plaintiff has pled causes of action sounding in fraud and

negligence." [DE 15, p. 2]. Plaintiff further contends that, "[t]he doctrine of *caveat emptor* is not a relevant defense to the claims raised by Plaintiff. This is not an admission of liability with a justification but is simply an irrelevant denial that fails to address Plaintiff's causes of action that solely sound in fraud and negligence." *Id.* at p. 3.

In response, Defendant asserts that Plaintiff is improperly asking the Court to rule on the merits of the defense in this case. [DE 17, p. 5]. Defendant points out that Plaintiff has asserted multiple claims against Defendant, including fraud in the inducement and violation of the FDUTPA. *Id.*

In reply, Plaintiff argues that the affirmative defense is "wholly irrelevant because, even if proven," it does "not reduce or eliminate Plaintiff's recovery" and because the defense does "not apply to the stated causes of action." [DE 21, p. 2].

. Plaintiff does not argue in the Motion that the First Affirmative Defense was improperly pled; rather, he argues that the affirmative defense should be stricken as it is irrelevant and immaterial. The cases relied on by Plaintiff—*Carolina Acquisition, LLC v. Double Billed, LLC*, 07-61738-CIV, 2009 WL 3190807, at *2 (S.D. Fla. Sept. 30, 2009), and *Adios Aviation, LLC v. El Holdings I, LLC*, 15-61218-CIV, 2015 WL 12564317, at *6–7 (S.D. Fla. Sept. 29, 2015)—do not support his position that the Motion should be granted. First, Plaintiff has pled causes of action other than fraud and negligence in the Complaint. Second, the cases cited by Plaintiff were in a very different procedural posture and did not involve motions to strike affirmative defenses. Plaintiff has not met his burden of establishing that the allegations have no possible relation to the controversy and may cause prejudice to Plaintiff. At this early stage, the Court will allow this issue to be more fully developed. Thus, the Motion is DENIED as to the First Affirmative Defense.

C. <u>Second Affirmative Defense</u>

Defendant's Second Affirmative Defense states as follows:

Plaintiff is estopped from and has waived recovering damages from MARINEMAX because, prior to purchasing the Vessel, Plaintiff inspected and accepted the Vessel and purchased it "AS IS," signing an agreement that expressly waived reliance on any representations and acknowledged MARINEMAX did not assert warranties. Further, Plaintiff continued using the Vessel despite being aware of alleged misrepresentations made by MarineMax.

[DE 11, p. 8].

Plaintiff argues that this defense is "irrelevant and immaterial to the causes of action pled by Plaintiff." [DE 15, p. 3]. According to Plaintiff, this is not an admission of liability with a justification, and the Second Affirmative Defense fails to address Plaintiff's causes of action that solely sound in fraud and negligence. *Id.* at p. 5.

In response, Defendant asserts that Plaintiff is improperly asking the Court to determine the merits of the case and that it "is disingenuous to this Court and is a waste of this Court's time and judicial resources for Plaintiff to argue that the fact that Plaintiff signed a Purchase Agreement, acknowledging that the Vessel at issue was sold 'AS IS' and expressly waiving reliance on any representations and acknowledged MarineMax did not assert warranties it is immaterial, irrelevant, or unrelated to the claims asserted." [DE 17, p. 7]. According to Defendant "[t]he law is replete with examples of this being not just a defense to fraud and FDUTPA claims, but the essence of many opinions wherein the Court analyzed the applicability of the language of contracts signed in connection with purported fraud and FDUTPA violations." *Id.* Defendant argues that this defense clearly has a possible relation to the claims presented. *Id.*

6

In reply, Plaintiff argues that the affirmative defense is "wholly irrelevant because, even if proven," it does "not reduce or eliminate Plaintiff's recovery" and because the defense does "not apply to the stated causes of action." [DE 21, p. 2].

The Motion is DENIED as to the Second Affirmative Defense for the same reasons the Court denied the Motion as to the First Affirmative Defense.

### D.  Third Affirmative Defense

Defendant's Third Affirmative Defense states as follows:

> Plaintiff's claims fail as a matter of law because the sale of the Vessel is governed by the Purchase Agreement, which expressly states MARINEMAX makes no warranties, express or implied, the Vessel was purchased "AS IS," and the Purchase Agreement constituted the entire agreement between the parties, any other statements or representations were expressly disclaimed, and Plaintiff acknowledged he did not rely on any such statements or representations.

[DE 11, p. 8].

Plaintiff argues that this defense is irrelevant and immaterial to the fraud and negligence causes of actions that he pled because "[a]ny allegations of an 'as-is' agreement does not defeat same." [DE 15, p. 5]. Plaintiff additionally argues that the Eleventh Circuit holds that, in order for a defendant to negate a claim for fraud in Florida, the contract must expressly state that it is incontestable on the ground of fraud, but the contract at issue in this case does not do so. *Id.* at p. 6.

In response, Defendant asserts that Plaintiff is improperly asking the Court to determine the merits of the case and that it "is disingenuous to this Court and is a waste of this Court's time and judicial resources for Plaintiff to argue that the fact that Plaintiff signed a Purchase Agreement, acknowledging that the Vessel at issue was sold 'AS IS' and expressly waiving reliance on any representations and acknowledged MarineMax did not assert warranties it is immaterial, irrelevant,

7

or unrelated to the claims asserted." [DE 17, p. 7]. According to Defendant "[t]he law is replete with examples of this being not just a defense to fraud and FDUTPA claims, but the essence of many opinions wherein the Court analyzed the applicability of the language of contracts signed in connection with purported fraud and FDUTPA violations." *Id.* Defendant argues that this defense clearly has a possible relation to the claims presented. *Id.* Finally, as to Plaintiff's argument that the defense should be stricken on the basis that the contract does or does not contain requisite language to defeat a fraud claim, Defendant points out that the Court cannot consider matters beyond the pleadings, and the contract was not attached to Plaintiff's Complaint. *Id.* at p. 8.

In reply, Plaintiff argues that the affirmative defense is "wholly irrelevant because, even if proven," it does "not reduce or eliminate Plaintiff's recovery" and because the defense does "not apply to the stated causes of action." [DE 21, p. 2].

The Motion is DENIED as to the Third Affirmative Defense for the same reasons the Court denied the Motion as to the First and Second Affirmative Defenses. Furthermore, Defendant is correct that the Court cannot, at this time, consider the language of the contract at issue.

### E. Fourth Affirmative Defense

Defendant's Fourth Affirmative Defense states as follows:

> As plead, Plaintiff's complaint fails to state any claim upon which relief may be granted as the essential elements of the claims do not exist. Specifically, Plaintiff fails to specify or claim damages resulting from negligence or alleged misrepresentations.

[DE 11, p. 8].

Plaintiff argues that this defense is legally insufficient as a matter of law because it is actually a denial. [DE 15, p. 6].

8

In response, Defendant argues that this is not a denial and should not be stricken. [DE 17, p. 9]. Defendant contends that, even if the Court determines that this affirmative defense is a denial, striking it would be improper under the applicable law. *Id.*

In reply, Plaintiff maintains that "a defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense." [DE 21, p. 3]. According to Plaintiff, this defense is "simply [a] challenge[ ] to an element of Plaintiff's prima facie case," which renders it a "negative defense[ ]" that should be stricken, rather than an affirmative defense. *Id.*

The Court agrees with Plaintiff that Defendant's Fourth Affirmative Defense is not a valid affirmative defense. "[F]ailure to state a claim is a defect in [a party]'s claim; it is not an additional set of facts that bar recovery notwithstanding [a party]'s valid prima facie case." *Boldstar Tech. LLC v. Home Depot, Inc.*, 517 F. Supp. 2d 1283, 1292 (S.D. Fla. 2007). However, in light of the disfavor with which courts view striking portions of pleadings, the Court will treat the Fourth Affirmative Defense as a specific denial.[1] *See Birren v. Royal Caribbean Cruises, Ltd.*, No. 20-CV-22783, 2020 WL 6487517, at *7 (S.D. Fla. Nov. 4, 2020); *JazAtlanta 519 LLC v. Beazley Underwriting, Ltd.*, No. 18-cv-60498, 2018 WL 4743634, at *2 (S.D. Fla. Oct. 2, 2018); *McMullen v. GEICO Indem. Co.*, No. 14-cv-62467, 2015 WL 11199534, at *3 (S.D. Fla. Jan. 13, 2015) *Bluewater Trading LLC v. Willmar USA, Inc.*, No. 07-61284-CIV, 2008 WL 4179861, at *2 (S.D. Fla. Sept. 9, 2008). Thus, the Court DENIES Plaintiff's Motion as to the Fourth Affirmative Defense but will treat said affirmative defense as a denial.

---

[1] The Court also notes that this is <u>not</u> a situation where Defendant filed a motion to dismiss for failure to state a claim, it was denied, and then Defendant attempted to reframe the same argument as an affirmative defense. Thus, there is no redundancy issue here.

9

### F. <u>Sixth Affirmative Defense</u>

Defendant's Sixth Affirmative Defense states: "MARINEMAX is not responsible for any alleged defects in design or manufacturing." [DE 11, p. 9].

Plaintiff argues that this defense is "a conclusory statement with no factual support" and that it "lacks certainty and specificity" in that it "does not sufficiently place Plaintiff on notice as to what 'defects in design or manufacturing' [Defendant] claims." [DE 15, p. 7]. Plaintiff contends that the defense "is also immaterial to the claims at issue because Plaintiff's Complaint alleges that Defendant knew about these things yet fraudulently induced Plaintiff regardless. As such, it should be stricken." *Id.*

In response, Defendant argues that "it is important for the Court to understand the various claims that Plaintiff asserted and the specific allegations that pertain to each. To list all facts that would support these defenses requires extensive discovery, but also a recitation of nearly every one of the 116 allegations in the Complaint." [DE 17, p. 10]. According to Defendant, "Plaintiff has not specifically identified his theory of the 'defects' with the Vessel and its components with enough specificity for MarineMax to have each and every one of its defense theories established." *Id.* Defendant contends that it has met "its burden under the law and Rule 8, which is to put Plaintiff on notice of the defenses claimed." *Id.* at p. 11.

In reply, Plaintiff contends that Defendant has basically admitted that the defense lacks specific facts. [DE 21, p. 3]. Thus, according to Plaintiff, it "is not on fair notice of the grounds upon which each defense rests, as each is wholly conclusory in nature. When a defendant states no more than bare-bones, conclusory allegations, the court must strike the affirmative defense." *Id.*

As stated above, the Court finds merit in the body of case law which states that affirmative defenses are not subject to the heightened pleading standard of Rule 8(a). Accordingly, the Sixth

Affirmative Defense gives Plaintiff notice of the defense claimed and is appropriately pled under Rules 8(b) and (c). Further, in the Sixth Affirmative Defense, Defendant is clearly referring to the alleged defects in design or manufacturing alleged in the Complaint. Moreover, it would be impossible this early in the case, before the discovery process has been concluded, for Defendant to be more specific here. Therefore, Plaintiff's Motion is DENIED as to the Sixth Affirmative Defense.

### G. Eight Affirmative Defense

Defendant's Eighth Affirmative Defense states: "Plaintiff's claims are barred, in whole or in part, to the extent the claimed defect or deficiency was patent, open, obvious, or otherwise discoverable upon a reasonable inspection." [DE 11, p. 9].

Plaintiff maintains that this defense "lacks at least one ultimate fact and is legally insufficient as a matter of law," "lacks certainty and specificity," and is "irrelevant to Plaintiff's claims at bar, which sound in fraud and in negligence." [DE 15, p. 7]. Finally, Plaintiff contends that "despite greater knowledge, Defendant fraudulently induced Plaintiff into the purchase by stating false information." *Id.*

In response, Defendant argues that "it is important for the Court to understand the various claims that Plaintiff asserted and the specific allegations that pertain to each. To list all facts that would support these defenses requires extensive discovery, but also a recitation of nearly every one of the 116 allegations in the Complaint." [DE 17, p. 10]. According to Defendant, "Plaintiff has not specifically identified his theory of the 'defects' with the Vessel and its components with enough specificity for MarineMax to have each and every one of its defense theories established." *Id.* Defendant contends that it has met "its burden under the law and Rule 8, which is to put Plaintiff on notice of the defenses claimed." *Id.* at p. 11.

11

In reply, Plaintiff contends that Defendant has basically admitted that the defense lacks specific facts. [DE 21, p. 3]. Thus, according to Plaintiff, it "is not on fair notice of the grounds upon which each defense rests, as each is wholly conclusory in nature. When a defendant states no more than bare-bones, conclusory allegations, the court must strike the affirmative defense." *Id.*

As stated above, the Court finds merit in the body of case law which states that affirmative defenses are not subject to the heightened pleading standard of Rule 8(a). Accordingly, the Eighth Affirmative Defense gives Plaintiff notice of the defense claimed and is appropriately pled under Rules 8(b) and (c). Additionally, it seems that Defendant is clearly referring to the alleged defects and deficiencies in design or manufacturing alleged in the Complaint. Moreover, it would be impossible this early in the case, before the discovery process has been concluded, for Defendant to be more specific. Therefore, Plaintiff's Motion is DENIED as to the Eighth Affirmative Defense.

## H. Ninth Affirmative Defense

Defendant's Ninth Affirmative Defense states: "Plaintiff's claims are barred to the extent Plaintiff failed to mitigate his damages." [DE 11, p. 9].

Plaintiff argues that the defense "lacks at least one ultimate fact" and "is legally insufficient as a matter of law." [DE 15, p. 8]. According to Plaintiff, "Defendant is required to state how Plaintiff failed to mitigate his damages yet fails to do so." *Id.*

In response, Defendant argues that "it is important for the Court to understand the various claims that Plaintiff asserted and the specific allegations that pertain to each. To list all facts that would support these defenses requires extensive discovery, but also a recitation of nearly every one of the 116 allegations in the Complaint." [DE 17, p. 10]. According to Defendant, "Plaintiff has not specifically identified his theory of the 'defects' with the Vessel and its components with

12

enough specificity for MarineMax to have each and every one of its defense theories established." *Id.* Defendant contends that it has met "its burden under the law and Rule 8, which is to put Plaintiff on notice of the defenses claimed." *Id.* at p. 11.

In reply, Plaintiff contends that Defendant has basically admitted that the defense lacks specific facts. [DE 21, p. 3]. Thus, according to Plaintiff, it "is not on fair notice of the grounds upon which each defense rests, as each is wholly conclusory in nature. When a defendant states no more than bare-bones, conclusory allegations, the court must strike the affirmative defense." *Id.*

As stated above, the Court finds merit in the body of case law which states that affirmative defenses are not subject to the heightened pleading standard of Rule 8(a). Accordingly, the Ninth Affirmative Defense gives Plaintiff notice of the defense claimed and is appropriately pled under Rules 8(b) and (c). Defendant is clearly asserting that Plaintiff failed to mitigate his own damages and is simply unable to provide more specific examples at this early point in the case. Therefore, Plaintiff's Motion is DENIED as to the Ninth Affirmative Defense.

## I. Eleventh Affirmative Defense

Defendant's Eleventh Affirmative Defense states as follows: "The alleged damages sustained by the plaintiff are the proximate result of the acts and/or omissions of parties over whom the defendant exercised no control." [DE 11, p. 9].

Plaintiff argues that this defense "lacks at least one ultimate fact" and consists of "conclusory, bare-boned allegations that fails to give Plaintiff fair notice of the facts or grounds of the defense." [DE 15, p. 8]. Plaintiff contends that Defendant has failed "to articulate what these 'acts and/or omissions' are and whom these 'parties' might be." *Id.* He claims that he needs to know who these parties are so that he can set them for deposition. *Id.* at p. 9.

13

In response, Defendant argues that "it is important for the Court to understand the various claims that Plaintiff asserted and the specific allegations that pertain to each. To list all facts that would support these defenses requires extensive discovery, but also a recitation of nearly every one of the 116 allegations in the Complaint." [DE 17, p. 10]. According to Defendant, it needs a "better understanding of the specific complaints and the reasons for the issues that may have actually existed." *Id.* at p. 12. Defendant also explains that, "[b]ecause Plaintiff complains of nearly every component of the Vessel, but the cause of those purported problematic components are not identified in the Complaint, there are countless manufacturers that may have culpability for the alleged defects." *Id.* Defendant also argues that Plaintiff has notice of the defense claimed because Plaintiff knows all of the individuals with other companies who were involved in servicing or repairing his Vessel. *Id.*

In reply, Plaintiff contends that Defendant has basically admitted that the defense lacks specific facts. [DE 21, p. 3]. Thus, according to Plaintiff, it "is not on fair notice of the grounds upon which each defense rests, as each is wholly conclusory in nature. When a defendant states no more than bare-bones, conclusory allegations, the court must strike the affirmative defense." *Id.*

As stated above, the Court finds merit in the body of case law which states that affirmative defenses are not subject to the heightened pleading standard of Rule 8(a). Accordingly, the Eleventh Affirmative Defense gives Plaintiff notice of the defense claimed and is appropriately pled under Rules 8(b) and (c). It is clear that Defendant is asserting that Plaintiff's alleged damages may be the proximate result of the acts and/or omissions of parties over whom the defendant exercised no control and that Defendant has not yet had the opportunity, though the discovery process, to determine the specific acts and omissions and the specific third parties at this point in the case. Moreover, the Court agrees with Defendant's argument that Plaintiff himself knows

14

which third parties worked on the vessel at issue. Therefore, Plaintiff's Motion is DENIED as to the Eleventh Affirmative Defense.

### J. Twelfth Affirmative Defense

Defendant's Twelfth Affirmative Defense states: "Plaintiff has not shown and cannot show a reasonable basis for seeking punitive damages." [DE 11, p. 9].

Plaintiff argues that this defense is legally insufficient as a matter of law because it is actually a denial. [DE 15, p. 6].

In response, Defendant argues that this is not a denial and should not be stricken. [DE 17, p. 9]. Defendant contends that, even if the Court determines that this affirmative defense is a denial, striking it would be improper under the applicable law. *Id.* Defendant also points that this defense addresses Plaintiff's prayer for punitive damages in Counts I and III of the Complaint, and Plaintiff provides no further mention of entitlement to seeking punitive damages or otherwise addresses the basis for seeking punitive damages in the "wherefore clause" of Count III, and paragraph 76 of Count I. *Id.* at p. 8.

In reply, Plaintiff maintains that "a defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense." [DE 21, p. 3]. According to Plaintiff, this defense is "simply [a] challenge[ ] to an element of Plaintiff's prima facie case," which renders it a "negative defense[ ]" that should be stricken, rather than an affirmative defense. *Id.*

The Court agrees with Plaintiff that Defendant's Twelfth Affirmative Defense is not a valid affirmative defense. However, in light of the disfavor with which courts view striking portions of pleadings, the Court will treat the Fourth Affirmative Defense as a specific denial. *See Birren*, 2020 WL 6487517, at \*7; *JazAtlanta 519 LLC*, 2018 WL 4743634, at \*2; *McMullen*, 2015 WL 11199534, at \*3; *Bluewater Trading LLC*, 2008 WL 4179861, at \*2. Thus, the Court DENIES

15

Plaintiff's Motion as to the Twelfth Affirmative Defense but will treat the affirmative defense as a denial

### K. Thirteenth Affirmative Defense

Defendant's Thirteenth Affirmative Defense states as follows:

Plaintiff's alleged reliance on any misrepresentations was unreasonable and/or unjustified given he expressly acknowledged he was not relying upon any statements made by MarineMax and pursuant to the terms of the contract.

[DE 11, p. 10].

Plaintiff argues that this defense is "irrelevant and immaterial to the causes of action pled by Plaintiff." [DE 15, p. 3]. According to Plaintiff, this is not an admission of liability with a justification, and the Thirteenth Affirmative Defense fails to address Plaintiff's causes of action that solely sound in fraud and negligence. *Id.* at p. 5.

In response, Defendant asserts that Plaintiff is improperly asking the Court to determine the merits of the case and that it "is disingenuous to this Court and is a waste of this Court's time and judicial resources for Plaintiff to argue that the fact that Plaintiff signed a Purchase Agreement, acknowledging that the Vessel at issue was sold 'AS IS' and expressly waiving reliance on any representations and acknowledged MarineMax did not assert warranties it is immaterial, irrelevant, or unrelated to the claims asserted." [DE 17, p. 7]. According to Defendant "[t]he law is replete with examples of this being not just a defense to fraud and FDUTPA claims, but the essence of many opinions wherein the Court analyzed the applicability of the language of contracts signed in connection with purported fraud and FDUTPA violations." *Id.* Defendant argues that this defense clearly has a possible relation to the claims presented. *Id.*

In reply, Plaintiff argues that the affirmative defense is "wholly irrelevant because, even if proven," it does "not reduce or eliminate Plaintiff's recovery" and because the defense does "not apply to the stated causes of action." [DE 21, p. 2].

The Motion is DENIED as to the Thirteenth Affirmative Defense for the same reasons the Court denied the Motion as to the First, Second, and Third Affirmative Defenses.

## V.    CONCLUSION

In light of the foregoing, it is **ORDERED and ADJUDGED** that Plaintiff's Motion to Strike Defendant, MarineMax East, Inc.'s Affirmative Defenses [DE 15] is DENIED.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 12th day of November, 2020.

WILLIAM MATTHEWMAN
United States Magistrate Judge

17