UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No.: 20-cv-81254-MATTHEWMAN

JAY MOLBOGOT,

    Plaintiff,

vs.

MARINEMAX EAST, INC.,

    Defendant.
_____/

FILED BY KJZ D.C.
Mar 10, 2021
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO OVERRULE CERTAIN PRIVILEGE OBJECTIONS AND COMPEL SEA RAY BOATS, INC., TO PRODUCE DOCUMENTS OTHERWISE REDACTED OR WITHHELD AS PRIVILEGED [DE 34]**

THIS CAUSE was previously before the Court upon Plaintiff, Jay Molbogot's ("Plaintiff") Motion to Overrule Certain Privilege Objections and Compel Sea Ray Boats, Inc. ("Sea Ray"), to Produce Documents Otherwise Redacted or Withheld as Privileged ("Motion") [DE 34]. The Court held a hearing on the Motion via Zoom video teleconference on February 25, 2021. At that time, Plaintiff's counsel requested that the Court review *in camera* 18 documents listed in Sea Ray's Amended Privilege Log. Counsel for non-party Sea Ray stated that he had no objection to the Court conducting an *in camera* review.

On March 4, 2021, Sea Ray provided the Court with both the documents and a brief explanation of the job title or role of each individual listed on the documents. The Court has now had the opportunity to carefully review the documents submitted for *in camera* review.

I.     BACKGROUND

Plaintiff served a subpoena for production of documents on non-party Sea Ray. [DE 34-1].

1

On January 21, 2021, Sea Ray provided a Supplemental Response and Amended Privilege Log. [DE 34-2]. Plaintiff is seeking certain of the documents included on the Amended Privilege Log in unredacted form. The parties agreed at the discovery hearing that they have narrowed the issue to 18 documents, which Plaintiff argues are not protected by privilege. Approximately fourteen of these documents are communications between Sea Ray and James Cote, an electrical engineer/surveyor, discussing his findings upon inspection of Plaintiff's vessel. There is a dispute as to whether Mr. Cote was hired in anticipation of litigation or in the ordinary course of business and whether his report is protected by the work-product doctrine or not. The remaining documents at issue are internal Sea Ray communications.

## II.     APPPLICABLE LAW

**(a) Attorney-Client Privilege**

"A claim of privilege in federal court is resolved by federal common law, unless the action is a civil proceeding and the privilege is invoked 'with respect to an element of a claim or defense as to which State law supplies the rule of decision....'" *Hancock v. Hobbs*, 967 F.2d 462, 466 (11th Cir. 1992) (quoting Fed. R. Evid. 501). "The attorney-client privilege exists to protect confidential communications between client and lawyer made for the purpose of securing legal advice." *In re Slaughter*, 694 F.2d 1258, 1260 (11th Cir. 1982). But the privilege does not cover all communications between an attorney and her client (or putative client). Rather, it has been "construed narrowly so as not to exceed the means necessary to support the policy which it promotes." *In re Grand Jury Matter No. 91–01386*, 969 F.2d 995, 997 (11th Cir. 1992) (citing *Fisher v. United States*, 425 U.S. 391, 403, 96 S. Ct. 1569, 48 L.Ed.2d 39 (1976)). The privilege is designed only to protect "confidential communications between the attorney and client regarding the matter of representation." *In re Grand Jury Matter*, 969 F.2d at 997.

2

The specific elements of the attorney-client privilege are the following: (1) where legal advice of any kind is sought; (2) from a professional legal advisor in his capacity as such; (3) the communications relating to that purpose; (4) made in confidence; (5) by the client; (6) are at his instance permanently protected; (7) from disclosure by himself or by the legal advisor; (8) except the protection may be waived. *Latele Television, C.A. v. Telemundo Commc'ns Grp., LLC*, No. 12-22539-CIV, 2014 WL 4449451, at *3–4 (S.D. Fla. Sept. 10, 2014) (citing *Universal City Dev. Partners, Ltd. v. Ride & Show Eng'g, Inc.*, 230 F.R.D. 688, 690 (M.D. Fla. 2005)). If any one of these elements is missing—if the communication is not confidential, if it is not between the attorney and client (or prospective client), or if it does not relate to the matter of representation—the communication at issue is not covered by the privilege. *See Devries v. Morgan Stanley & Co. LLC*, No. 12-81223-CIV, 2013 WL 3243370, at *3 (S.D. Fla. June 26, 2013).

"The burden of proof is on the party asserting the privilege to show that the documents in question are privileged." *United States v. Sigman*, No. 11-80155-CR, 2013 WL 5890714, at *4 (S.D. Fla. Nov. 4, 2013). When advice given by an attorney relates to both business and legal matters, the legal advice must predominate in order for the attorney-client privilege to apply. *Blake v. Batmasian*, No. 15-CV-81222, 2017 WL 10059251, at *4–5 (S.D. Fla. Oct. 5, 2017), *report and recommendation adopted,* No. 15-81222-CIV, 2018 WL 3829803 (S.D. Fla. Aug. 9, 2018) (citing *Carpenter v. Mohawk Indus., Inc.*, No. 4:07-CV-0049-HLM, 2007 WL 5971741, at *9 (N.D. Ga. Oct. 1, 2007)).

When a paralegal works on behalf of a lawyer who is representing a client, the attorney-client privilege applies to the paralegal. *See Diamond Resorts U.S. Collection Dev., LLC v. US Consumer Att'ys, P.A.*, No. 9:18-CV-80311, 2021 WL 505122, at *23 (S.D. Fla. Feb. 11, 2021);

*Owens v. First Family Fin. Servs., Inc.*, 379 F. Supp. 2d 840, 848 (S.D. Miss. 2005); 81 Am. Jur. 2d Witnesses § 400 (2005).

### (b) Work Product Privilege

The work product protections are codified in Federal Rule of Civil Procedure 26(b)(3). The Rule "establishes two tiers of protection: first, work product prepared in anticipation of litigation by an attorney or his agent is only discoverable upon a showing of need and hardship; and second, 'core' or 'opinion' work product" that is "'generally afforded near absolute protection from discovery.'" *Kehle v. USAA Cas. Ins. Co.*, No. 17-80447, 2018 WL 2435176, at *4 (S.D. Fla. May 30, 2018) (quoting *Kahn v. United States*, No. 13-24366, 2016 WL 4112081, at *4 (S.D. Fla. July 8, 2015)). Fact work product "includes all documents, information, and tangible things prepared and gathered in anticipated of litigation or for trial." *Id.* (citing *Stern v. O'Quinn*, 253 F.R.D. 663, 685 (S.D. Fla. 2008)). Fact work product may only be detained by showing both "a substantial need" and "undue hardship" in obtaining the materials or their equivalent by other means. Fed. R. Civ. P. 26(b)(3)(A)(ii); *Sow v. James River Ins. Co.*, No. 9:19-CV-81065, 2020 WL 1322886, at *4 (S.D. Fla. Mar. 20, 2020).

### III.   THE COURT'S FINDINGS AFTER IN CAMERA REVIEW

The Court has carefully conducted an *in camera* review of the 18 documents at issue (document numbers 1, 9, 10, 11, 12, 13, 25, 30, 31 32 37, 51, 55, 56, 57, 58, 75, and 91 from Sea Ray's Amended Privilege Log [DE 34-2]). The Court has also carefully considered the arguments presented by counsel for Plaintiff and counsel for Sea Ray at the February 25, 2021 hearing, and Plaintiff's and Sea Ray's positions as stated in the Motion [DE 34], Response [DE 39], Reply [DE 43], and the Joint Notices [DEs 45, 47].

The Court first makes the following general findings. First, Sea Ray could have reasonably begun to anticipate litigation on March 2, 2020, when Plaintiff's current legal counsel sent correspondence to Sea Ray providing a list of issues regarding the vessel Plaintiff had purchased. Second, it does appear that James Cote was retained in anticipation of litigation to complete an inspection of the vessel and then a report. This finding is based on the fact that Mr. Cote was retained after Plaintiff's counsel sent the letter to Sea Ray and on the representations Sea Ray's counsel made in open court that Mr. Cote is the electric surveyor Sea Ray uses in federal lawsuits and that Sea Ray did, in fact, hire him in this particular case in anticipation of litigation. Third, as stated in Section (II)(a) above, just because a paralegal (rather than an attorney) is the recipient of or sender of an email does not preclude the application of the attorney-client privilege. If the paralegal is working on behalf of an attorney and sends or receives a confidential communication involving legal advice, the communication is covered by the privilege.

Upon review of the documents and communications at issue, the Court does find that all 18 of them are either attorney-client privileged or protected by the work-product doctrine, or, in most circumstances, they are protected by both privileges. However, the Court also finds that Mr. Cote's report should be produced to Plaintiff.

Mr. Cote's report (document #9) is solely protected by the work-product doctrine and not by the attorney-client privilege. Plaintiff's counsel represented at the discovery hearing that Plaintiff cannot obtain the photographs or the findings in the report from any other source because the vessel went to the factory and was altered immediately after Mr. Cote's inspection. Pursuant to Federal Rule of Civil Procedure 26(b)(3), the report is otherwise discoverable under Rule 26(b)(1), and Plaintiff has established substantial need for the report to prepare his case and cannot, without undue hardship, obtain its substantial equivalent by other means. The vessel was moved

5

and altered after the inspection, and it would be patently unfair to preclude Plaintiff from receiving a copy of the report. Therefore, even though the report is work product, Plaintiff is entitled to it as Plaintiff has established need and great hardship sufficient to overcome the privilege.

Based on the foregoing, it is hereby **ORDERED** as follows:

1. Plaintiff's Motion to Overrule Certain Privilege Objections and Compel Sea Ray Boats, Inc., to Produce Documents Otherwise Redacted or Withheld as Privileged [DE 34] is GRANTED IN PART AND DENIED IN PART.

2. Sea Ray shall produce Mr. Cote's report (document #9)[1] or before **March 17, 2021**. None of the other privileged documents at issue need be produced.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 10th day of March, 2021.

*William Matthewman*
WILLIAM MATTHEWMAN
United States Magistrate Judge

---

[1] Additionally, it is not clear to the Court due to the poor quality of the photographs attached to Mr. Cote's report whether there are any photographs of the vessel which are included as attachments to the communications withheld by Sea Ray that are not also in Mr. Cote's report. To the extent there are additional photographs of the vessel that are not included in the report, those too shall be provided to Plaintiff. The emails, however, need not be produced. The photographs shall be produced in equal quality to those held by Sea Ray.