UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 20-cv-81254-MATTHEWMAN

JAY MOLBOGOT,

     Plaintiff,

vs.

MARINEMAX EAST, INC.,

     Defendant.

_____/

FILED BY ___KJZ___ D.C.

**Jun 14, 2022**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## ORDER DENYING DEFENDANT'S OBJECTION AND MOTION TO STRIKE AFFIDAVIT OF JASON DUNBAR [DE 132]

**THIS CAUSE** is before the Court upon Defendant, MarineMax East, Inc.'s ("Defendant") Objection and Motion to Strike Affidavit of Jason Dunbar ("Motion") [DE 132]. Plaintiff, Jay Molbogot ("Plaintiff"), has filed a response [DE 143] to the Motion, and Defendant has filed a reply [DE 154]. This matter is now ripe for review.

### I.    Motion, Response and Reply

In its Motion, Defendant argues that the deadline for Plaintiff to disclose expert opinions was December 24, 2021. [DE 132 at 2]. On that date, Plaintiff served his Expert Witness Disclosures and Third Supplemental Disclosure and served the Expert Report of Jason Dunbar ("Dunbar"). *Id.* Then, on March 11, 2022, Plaintiff served his "Addendum to Report of Jason Dunbar." *Id.* According to Defendant, the Dunbar affidavit executed on May 17, 2022 and filed with Plaintiff's Motion for Summary Judgment "provides a previously undisclosed and untimely opinion that should be not be permitted by this Court." *Id.* Defendant argues that the "failure to

1

timely disclose Mr. Dunbar's opinion on the value of the vessel at the time of the purchase until months after the deadline cannot be said to be substantially justified. Moreover, the harm to Defendant in allowing the opinion is undeniable. Even if the opinion is allowed, it, at best, creates an issue of fact regarding Plaintiff's damages. However, if properly excluded, Plaintiff has utterly failed to put forth any evidence of the damages alleged by him under Counts I and II of his Complaint." *Id.* at 5.

In response, Plaintiff asserts that Defendant received the amendment/supplemental disclosure from Dunbar on March 11, 2022, and then failed to subpoena Dunbar for deposition, pay a witness fee, seek to exclude the March 11th report, file a *Daubert* motion, or file a motion to strike. [DE 143 at 1–2]. Plaintiff also asserts that the March 11, 2022 report "remains consistent with the initial disclosure, and does not offer other opinions concerning other amounts or calculations of damages." *Id.* at 5. In other words, the March 11, 2022 report was a "simple two paragraph clarification of the initial report. It does not render a new opinion in the slightest." *Id.* at 6. According to Plaintiff, Dunbar was never deposed by Defendant because Defendant never paid his witness fee, never served him with a subpoena, and never paid his professional fees. *Id.* at 7. Plaintiff also claims that it properly and timely served Dunbar's supplemental report pursuant to Federal Rule of Civil Procedure 26. *Id.* at 10. Finally, Plaintiff asserts that Defendant cannot show prejudice because it had Dunbar's initial report and received the supplement/amendment on the date rebuttal reports were required to be exchanged and long before the discovery deadline expired. *Id.* at 15.

In reply, Defendant asserts that Dunbar's purported supplemental report of March 11, 2022 simply is not a supplement. [DE 154 at 1]. Rather, it is a new report issued after the December 24,

2

2021 deadline for Plaintiff to make all expert disclosures. *Id.* Defendant argues that courts have broad discretion to exclude untimely-disclosed expert witness testimony even when they are called "supplemental reports." *Id.* at 2. Defendant claims that "[f]or Plaintiff to assert the Second Report, which addresses a different theory of damages, is a supplement to the First Report and not a new report is misleading and false." *Id.* at 4. Defendant contends that the second report "is a wholly inappropriate effort to obfuscate what it is really about – i.e., correcting Plaintiff's failure to secure an expert opinion on a recoverable form of damages" and "assert[s] a new theory of damages." *Id.* at 5. Defendant argues that the "Affidavit is also a nullity that should be stricken because it expands upon the Second Report and, just as with the Second Report, posits an expert opinion on a whole new theory of damages." *Id.* at 6. Defendant contends that it did not waive its right to challenge the second report because Local Rule 26.1(g)(1) is not applicable here and Defendant's decision not to depose Dunbar is irrelevant. *Id.* at 7. Finally, it maintains that "Plaintiff argues that because Mr. Dunbar miraculously came up with the same damages amount under each theory the underlying analyses are the same. The Court must see through this chicanery and strike the Affidavit as a previously undisclosed expert opinion." *Id.* at 8.

     II.    <u>The Relevant Disclosures by Plaintiff Regarding Expert Dunbar</u>

In order to properly address the pending dispute regarding the Dunbar Affidavit, it is necessary for the Court to carefully review each of the four disclosures made by Plaintiff as to expert Dunbar. Each disclosure is described below.

a. <u>Plaintiff's Expert Witness Disclosures and Third Supplemental Disclosure filed on December 24, 2021</u>

The expert witness disclosure made by Plaintiff on December 24, 2021 [DE 132-1] as to expert Dunbar is as follows:

> Mr. Dunbar is a Certified Professional Yacht Broker, Appraiser and partner at Vessel Value Survey. Mr. Dunbar will testify consistent with his report and opinions related to the loss of use evaluation he prepared related to Plaintiff's vessel, and will testify as to the data he relied upon in the preparation of the analysis to render an opinion in this case.

[DE 132-1 at 2].

b. <u>The December 15, 2021 Report</u>

Dunbar's Report is entitled "Loss of Use Valuation Report of the Vessel." [DE 132-2 at 1]. In that December 15, 2021 report, Dunbar explicitly compared the cost to own a Snapper King versus a like kind vessel and also compared the cost to rent a like kind vessel. *Id.* at 2-3. Dunbar determined Plaintiff's damages to be $124,571.20, which consisted of $91,027.20 to "replace lost usage" and $33,544.00 for the "cost to service the vessel's loan, insurance, and dockage while being repaired." *Id.* at 5.

c. <u>The March 11, 2022 Report</u>

Dunbar's March 11, 2022 amendment/supplement [DE 132-2] states as follows:

This is an amendment/supplement to my expert report.

Consistent with my calculation of cost to replace the loss of use previously provided; when comparing the circumstances related to Mr. Molbogot's vessel and his loss of use, the calculation reasonably represents the difference in value of Mr. Molbogot's vessel at the time of sale, when compared to a sister ship without the ongoing and pre-existing problems of Mr. Molbogot's vessel.

For example, when comparing Mr. Molbogot's vessel with a sister ship (same

features, and equipment, builder, model) the value of the two vessels at the time of sale would not be same, as the value of Mr. Molbogot's vessel would have to be adjusted based on the factors and calculations contained in my original report.

I render this opinion based on my education, training and experience as a licensed appraiser.

[DE 132-2].

### d.  The Affidavit

Dunbar's affidavit filed by Plaintiff in support of summary judgment states in relevant part:

It is my opinion, within a reasonable degree of professional certainty based on my profession as a Certified Yacht Appraiser and Broker, that the value of Mr. Molbogot's vessel at the time of purchase as compared to a fully operational sister ship equipped with the same features and equipment, should have been $124,571.20 less in value.

[DE 125-11].

### III.   Applicable Law

Federal Rule of Civil Procedure 26(a) requires experts to disclose a written report containing "a complete statement of all opinions [they] will express and the basis and reasons for them." Fed. R. Civ. P 26(a)(2)(B)(i). Under Fed. R. Civ. P. 26(e), parties must supplement an expert's report "in a timely manner if the party learns that in some material aspect the disclosure or response is incomplete or incorrect" and the additional or corrective information must "not otherwise been made known to the other parties during the discovery process or in writing[.]" This does not mean, however, that parties can belatedly add new opinions or untimely rebuttal opinions under the guise of supplemental reports.

"Because the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise . . . compliance with the requirements of

Rule 26 is not merely aspirational." *Cooper v. S. Co.*, 390 F.3d 695, 728 (11th Cir. 2004) (internal citations omitted). Fed. R. Civ. P. 37(c)(1) instructs that where "a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information or witness . . . unless the failure was substantially justified or harmless." *See, e.g.*, *Potish v. R.J. Reynolds Tobacco Co.*, 9:15-cv-81171, 2017 WL 5952892, at *2–4 (S.D. Fla. Nov. 30, 2017); *Managed Care Sols., Inc. v. Essent Healthcare, Inc.*, 09-cv-60351, 2010 WL 1837724, at *3 (S.D. Fla. May 3, 2010).

Courts have broad discretion to exclude untimely-disclosed expert reports, even ones designated as "supplemental" reports. *Id.*; *see also, e.g.*, *Cook v. Royal Caribbean Cruises*, No. 11-cv-20732, 2012 WL 2319089 (S.D. Fla. June 15, 2012); *Goodbys Creek, LLC v. Arch Ins. Co.*, No. 7-cv-0947, 2009 WL 1139575, at *2 (M.D. Fla. Apr. 27, 2009). Parties thus cannot abuse Rule 26(e) and use a supplemental report to "merely bolster a defective or problematic expert witness report." *Companhia Energetica Potiguar v. Caterpillar Inc.*, 2016 WL 3102225, at *6 (S.D. Fla. June 2, 2016). Rule 26(e) "is not a device to allow a party's expert to engage in additional work, or to annul opinions or offer new ones to perfect a litigating strategy." *Cochran v. Brinkmann Corp.*, No. 8-cv-1790, 2009 WL 4823858, at *5 (N.D. Ga. Dec. 9, 2009), *aff'd by*, 381 F. App'x 968 (11th Cir. 2020). The only purpose of Rule 26(e) supplementation is "for the narrow purpose of correcting inaccuracies or adding information that was not available at the time of the initial report." *Potish*, 2017 WL 5952892, at *3; *All-Tag Corp. v. Checkpoint Sys., Inc.*, No. 9:17-CV-81261, 2019 WL 5073499, at *2–3 (S.D. Fla. Oct. 9, 2019). The purpose of the rules governing expert disclosure is to safeguard against surprise. *United States v. Marder*, 318 F.R.D. 186, 192 (S.D. Fla. 2016); *Apple Inc. v. Corellium, LLC*, No. 19-81160-CV, 2021 WL 2940264,

at *2 (S.D. Fla. July 13, 2021)

## IV.  Analysis

The Court has carefully considered the relevant law, the Motion, response, and reply. In Defendant's Motion, Defendant acknowledges both that "[c]ourts have broad discretion to exclude untimely expert opinion testimony," citing *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 718 (11th Cir. 2019), and that courts consider "the non-disclosing party's explanation for its failure to disclose, the importance of the information, and any prejudice to the opposing party if the information had been admitted," citing *Lips v. City of Hollywood*, 350 Fed.Appx. 328, 340 (11th Cir. 2009). [DE 132 at 3, 5].

Here, even assuming arguendo that the March 11, 2022 report is a new report and not a true supplement to Dunbar's earlier report, the Court can determine this dispute solely on prejudice considerations. Defendant argues the following in its Motion with regard to prejudice: "However, if properly excluded, Plaintiff has utterly failed to put forth any evidence of the damages alleged by him under Counts I and II of his Complaint." [DE 132 at 5]. Defendant also argues that allowing "Plaintiff to produce and rely on an egregiously late expert opinion to support his claims for damages is obviously prejudicial to Defendant" since Defendant could not adequately prepare its case by deposing witnesses. *Id.* Finally, Defendant contends that "[i]n addition to denying the opposing party the opportunity to take the deposition of the expert on the undisclosed opinion, late disclosure harms the other party by foreclosing the opportunity to obtain its own expert." *Id.*

In its reply, Defendant similarly argues with regard to prejudice:

On the point of prejudice, of course Defendant is prejudiced by admitting the Affidavit. Plaintiff proffered no evidence of recoverable damages. To then spring the Affidavit on it to raise a new theory of damages is the definition of prejudice.

7

> That is why the case law cited above was so decided – to allow an expert to opine on a theory of damages that was not raised in a timely disclosure is the very definition of prejudice and cannot be allowed. The only way Defendant would not be prejudiced by the Affidavit would be for Plaintiff to have disclosed this opinion before the deadline for expert disclosure. Plaintiff mistakenly put forth the wrong theory of recovery and should not be allowed to correct himself by use of "sleight of hand."

[DE 154 at 7].

None of these prejudice arguments have any merit. The rebuttal expert disclosure deadline in this case elapsed on March 11, 2022, and the discovery deadline elapsed on April 29, 2022. [DE 103]. Defendant did have the opportunity to depose Dunbar after receiving the March 11, 2022 report and even states in its reply that it chose not to move to compel Dunbar's deposition after Dunbar refused to make himself voluntarily available. [DE 154 at 7]. If Defendant had subpoenaed Dunbar and paid his professional fees and witness fees, Defendant most likely could have even deposed Dunbar without the need to file a motion compel. Defendant additionally could have moved for leave to retain an expert to contradict Dunbar's March 2022 findings relating to damages but chose not to. Furthermore, Defendant deposed Plaintiff on April 21, 2022, and was informed that Dunbar would be providing testimony on Plaintiff's actual damages and what Plaintiff should have paid for the vessel versus what he actually paid. [DE 143-6].

In other words, while Plaintiff may have been somewhat disingenuous by "supplementing" an expert report and subtly changing the theory of damages, Defendant is being somewhat disingenuous by claiming that it was in any way prejudiced by the affidavit at issue. This is not a situation where Defendant was completely caught off guard because Plaintiff set forth an entirely new theory of damages for the very first time in his summary judgment motion. Rather, Defendant knew that Plaintiff had changed its theory of damages before either party filed their motions for

8

summary judgment and before the discovery cutoff expired. Defendant simply chose not to do any additional investigation after receiving the March 11, 2022 expert report, which stated in relevant part that "the calculation reasonably represents the difference in value of Mr. Molbogot's vessel at the time of sale, when compared to a sister ship without the ongoing and pre-existing problems of Mr. Molbogot's vessel." [DE 132-2].

Furthermore, since Dunbar has not changed his opinion as to the amount of damages, Defendant has had notice of the claimed amount of damages for Counts I and II since December 2021. While Defendant's conduct may not constitute waiver of the arguments in its Motion, Defendant also cannot demonstrate prejudice or even any real surprise. Moreover, the Court prefers to have cases decided on the merits and not on a technicality. The Court declines to put form over substance. And, importantly, Defendant will be permitted to vigorously cross-examine expert Dunbar at trial regarding what Defendant perceives as a changing or altered damages calculation. Thus, the Motion is due to be denied.

Based on the foregoing, it is hereby **ORDERED** that Defendant's Objection and Motion to Strike Affidavit of Jason Dunbar [DE 132] is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 14th day of June, 2022.

WILLIAM MATTHEWMAN
United States Magistrate Judge