UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-81254-MATTHEWMAN

JAY MOLBOGOT,

    Plaintiff,

v.

MARINEMAX EAST, INC.,

    Defendant.
_____/

FILED BY KJZ D.C.
Jul 11, 2022
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## ORDER DENYING PLAINTIFF'S MOTION IN LIMINE [DE 110]

THIS CAUSE is before the Court upon Plaintiff, Jay Molbogot's ("Plaintiff") Motion in Limine ("Motion") [DE 110]. Defendant, MarineMax East, Inc. ("Defendant") has filed a response to the Motion [DE 130], and Plaintiff has filed a reply [DE 144]. The Court held a hearing on the Motion via Zoom video teleconference on July 7, 2022. The Motion is now ripe for the Court's review.

Plaintiff is moving to prevent Defendant from offering argument, testimony, reference and/or evidence pertaining to the post-purchase survey and pertaining to Defendant not being the manufacturer of the vessel. [DE 110 at 1].

### I. Relevant Law

The Court has the power to exclude evidence *in limine* only when evidence is clearly inadmissible on all potential grounds. *Luce v. United States*, 469 U.S. 38, 41 (1984). Motions *in limine* are generally disfavored as admissibility questions should be ruled upon as they arise at trial. *Begualg Inv. Mgmt., Inc. v. Four Seasons Hotel Ltd.*, 10-22153-CIV, 2013 WL 750309, at

1

*1 (S.D. Fla. Feb. 27, 2013). As a result, if evidence is not clearly inadmissible, "evidentiary rulings must be deferred until trial to allow questions regarding foundation, relevancy, and prejudice." *Lordeus v. Torres*, 1:17-CV-20726-UU, 2018 WL 1364641, at *1 (S.D. Fla. Mar. 1, 2018) (quoting *Kobie v. Fifthian,* 2014 WL 1652421, at *1 (M.D. Fla. 2014)). Motions *in limine* are "best limited to those issues that the mere mention of which would deprive a party of a fair trial. The Court does not issue advisory opinions, and it is difficult to rule in a vacuum without having the opportunity to see the proffered testimony in perspective with other evidence in the trial." *United States v. Everglades Coll., Inc.*, No. 12-60185-CIV, 2014 WL 11578214, at *1 (S.D. Fla. May 28, 2014); *see also Contreras v. Aventura Limousine & Transp. Serv., Inc.*, No. 13-22425-CIV, 2014 WL 11880996, at *2 (S.D. Fla. July 29, 2014) ("It is always difficult to rule in a vacuum, so the Court's ruling is without prejudice to Defendants' objecting when the evidence is sought to be introduced."); *accord Apple, Inc. v. Corellium, LLC*, 19-cv-81160-Smith/Matthewman, 2021 WL 2712131 (S.D. Fla. July 1, 2021).

## II.  Analysis

### a.  The Post-Purchase Survey

According to Plaintiff, the "post-purchase survey is irrelevant to any claims or defenses because Defendant testified that Plaintiff would not have received his money back after the date of purchase—October 31, 2018. Thus, this late disclosure of the issues is irrelevant and would only serve to confuse the jury." [DE 110 at 2].

In response, Defendant argues that the post-purchase survey, conducted at Plaintiff's direction, is relevant evidence that may not be excluded. [DE 130 at 3]. Defendant contends that the "post-purchase survey is direct evidence [as to] whether the Vessel was delivered in a defective condition. With respect to each alleged defect, if each defect did not exist, Defendant could not

2

have made a false statement about it and could not have knowingly made a false representation about it." *Id.* at 4. Defendant maintains that the survey is relevant evidence "bearing on essential elements of Plaintiff's fraud claim." *Id.* Defendant further argues that the survey is relevant to Plaintiff's FDUTPA claim and negligence claim. *Id.* at 5.

In reply, Plaintiff contends that the post-purchase survey, which was conducted 13 days after the sale of the vessel, is irrelevant because it occurred outside of the time of the sale of the boat. [DE 144 at 1]. Plaintiff argues that its fraud claims "are based upon work orders in the possession of MarineMax . . . that pre-dated the sale of the boat in question." *Id.* at 1–2. Plaintiff also argues that the survey would "unfairly prejudice Plaintiff and confuse the jury because the surveyor still was not in possession of knowledge of MarineMax's work orders at the time the post-purchase survey was authored." *Id.* at 2. According to Plaintiff, it would prejudice him for Defendant "to argue to the jury that Plaintiff should have obtained this survey prior to purchase when: (i) the law doesn't require it, and (ii) such a survey is not standard practice as it relates to a boat being sole as 'brand new.'" *Id.*

Upon careful review of the relevant case law, the Motion, the response and reply, the parties' counsel's argument at the hearing, and the entire record in this case, the Court finds it appropriate to deny the Motion as to the post-purchase survey. This denial is without prejudice to Plaintiff's ability to timely assert any proper objections at the time of trial to any post-purchase survey testimony, evidence, argument, or reference. If any such objection is made at trial, the Court will rule on the issue at that time. The Court cannot rule on this issue in a vacuum prior to trial and can only determine this issue in the crucible of trial since the evidence is not clearly inadmissible.

b. <u>The Fact that Defendant is not the Manufacturer of the Vessel</u>

Plaintiff argues that he sued Defendant for "selling a vessel that Defendant knew was

3

defective and omitting this information from the Plaintiff" and not for actually manufacturing the vessel. [DE 110 at 4]. Therefore, "any defects in design or manufacturing by a third party are irrelevant to the claims and defenses at issue. It is not relevant and is therefore inadmissible under Rule 402." *Id.*

Defendant argues that its "role as retailer as opposed to manufacturer of the Vessel bears on its knowledge of alleged defects of the Vessel." [DE 130 at 7]. Defendant also asserts that it not being the manufacturer is relevant to the intent element of Plaintiff's fraud claim and to Plaintiff's negligence claim. *Id.*

In reply, Plaintiff first argues that, even though Defendant has "alluded to its lack of manufacturing in an affirmative defense, MarineMax has not produced a single piece of evidence or witness to testify that MarineMax's failure to repair or disclose was the fault of the manufacturer." [DE 114 at 3]. Plaintiff also contends that the fact that Defendant was not the manufacturer is irrelevant to the negligence count because he is suing Defendant for failures to timely repair certain components, which led to damage to the vessel and to Plaintiff. *Id.* at 5. Finally, Plaintiff asserts that "any defects in design or manufacturing by a third party (that possessed inferior information as compared to MarineMax) are irrelevant to the claims and defenses at issue." *Id.*

Upon careful review of the relevant case law, the Motion, response and reply, the parties' counsel's argument at the hearing, and the entire record in this case, the Court finds it appropriate to deny the Motion as to Defendant not being the manufacturer. Defendant's Sixth Affirmative Defense states, "MARINEMAX is not responsible for any alleged defects in design or

4

manufacturing." [DE 11 at 9].[1] Plaintiff argues that "MarineMax has not produced a single piece of evidence or witness to testify that MarineMax's failure to repair or disclose was the fault of the manufacturer." [DE 114 at 3]. However, this is not what the Six Affirmative Defense actually states. The affirmative defense simply asserts that Defendant is not responsible for defects in design or manufacturing; it does not assert that Defendant's failure to repair or disclose was Sea Ray's fault. Thus, evidence and testimony regarding Defendant not being the manufacturer of the vessel is arguably relevant. However, if during the crucible of trial, Plaintiff has a good-faith basis to raise this issue again by proper and timely objection, the Court will address the issue at that time.

Based on the foregoing, it is hereby **ORDERED** and **ADJUDGED** that Plaintiff's Motion in Limine [DE 110] is **DENIED**.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 11th day of July, 2022.

_____
WILLIAM MATTHEWMAN
United States Magistrate Judge

---

[1] The Court previously denied Plaintiff's motion to strike the Sixth Affirmative Defense. [DE 25].