UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 20-cv-81254-MATTHEWMAN

JAY MOLBOGOT,

    Plaintiff,

vs.

MARINEMAX EAST, INC.,

    Defendant.
_____/

FILED BY KJZ D.C.
Jul 11, 2022
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## ORDER DENYING DEFENDANT'S MOTION TO ALTER OR AMEND AN ORDER [DE 162]

**THIS CAUSE** is before the Court upon Defendant, MarineMax East, Inc.'s ("Defendant") Motion to Alter or Amend an Order ("Motion") [DE 162]. Plaintiff, Jay Molbogot ("Plaintiff"), has filed a response [DE 163] to the Motion. The Court can easily rule on the Motion without the need for a reply.

Defendant is seeking an order altering or amending the Court's Order Denying Defendant's Objection and Motion to Strike Affidavit of Jason Dunbar [DE 156] entered on June 14, 2022. Defendant is alternatively seeking an order extending the discovery deadline for the sole purposes of conducting a deposition of Plaintiff's Expert Jason Dunbar and acquiring a rebuttal witness. Plaintiff objects to the relief sought and provides his reasons in his response. The Court finds it necessary to consider the Motion through the lens of three different Federal Rules of Civil Procedure.

1

**Rule 59(e)**

Defendant's Motion solely relies on Federal Rule of Civil Procedure 59(e) as the basis for the relief sought. This rule states that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "The only grounds for granting [a Rule 59(e)] motion are newly-discovered evidence or manifest errors of law or fact." *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999). "The United States Supreme Court and the Court of Appeals for the Eleventh Circuit have made it clear that Rule 59(e) 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Powell v. Bermudez*, No. 20-CV-20391, 2020 WL 3183316, at *1 (S.D. Fla. June 15, 2020) (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008)); *see also Stansell v. Revolutionary Armed Forces of Columbia*, 771 F.3d 713, 746 (11th Cir. 2014).

No judgment has been entered in this case, so Rule 59(e) is inapplicable. *Reed v. Royal Caribbean Cruises Ltd.*, No. 19-24668-CIV, 2021 WL 2592888, at *6 (S.D. Fla. May 3, 2021) ("However, motions for reconsideration of an interlocutory order are 'not properly considered under Rule 59(e) but, instead, as simply a request for the district court to revisit its earlier ruling.' 12B <u>Federal Practice and Procedure, Civil Rules, Quick Reference Guide</u>, at 1066 (2019 ed.)"); *see also Greer v. Owners Ins. Co.*, No. 3:05-CV232/RV/MD, 2006 WL 8443371, at *1 (N.D. Fla. Aug. 11, 2006) ("Rule 59(e) is not relevant here, however, for that rule only applies if it is a final order being challenged."); *Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999) (recognizing that "Rule 59(e) motions are motions to alter or amend a judgment, not any nonfinal order."). Therefore, since Rule 59(e) is wholly inapplicable here, Defendant's Motion is denied on that ground. However, even if Rule 59(e) did apply (which it does not), Defendant has not met the high

standard under the rule of showing that there is newly-discovered evidence or that the Court's Order contains manifest errors of law or fact.

### Rule 60(b)

In an abundance of caution, the Court will also analyze the motion as a motion for reconsideration pursuant Federal Rule of Civil Procedure 60(b), which is the rule the Defendant should have traveled under in the first place but failed to even cite. The "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Z.K. Marine Inc. v. M/V Archigetis*, 808 F.Supp. 1561, 1563 (S.D. Fla. 1992). Thus, federal courts have delineated three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *Degirmenci v. Sapphire-Fort Lauderdale, LLLP*, 693 F. Supp. 2d 1325, 1352 (S.D. Fla. 2010) (citing *Offices Togolais Des Phosphates v. Mulberry Phosphates, Inc.*, 62 F.Supp.2d 1316, 1331 (M.D. Fla. 1999); *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994)).

Defendant has not met this burden. More specifically, Defendant has failed to demonstrate that there has been an intervening change in controlling law, that new evidence is available, or that it needs to correct clear error or prevent manifest injustice. Rather, Defendant is simply attempting to re-litigate an issue that has already been decided. Thus, had Defendant filed a motion for reconsideration under Rule 60(b), it would be without merit and denied.

### Rule 16(b)

Finally, Defendant alternatively requests that the Court grant it an extension of the discovery deadline to depose Dunbar and to designate a rebuttal expert. Pursuant to Federal Rule

3

of Civil Procedure 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (internal quotation marks and citation omitted). Further, "[w]hen a party fails to complete discovery in time, it may move to reopen discovery and the court may, 'for good cause,' grant the motion if the party shows that it failed 'because of excusable neglect.'" *EarthCam, Inc. v. OxBlue Corp.*, 703 F. App'x 803, 813 (11th Cir. 2017) (citing Fed. R. Civ. P. 6(b)(1)). Excusable neglect, for purposes of Rule 6(b), is an "'equitable inquiry, taking account of all relevant circumstances surrounding the party's omission' ... include[ing] 'the danger of prejudice to the non-moving party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *Hurley v. Anderson*, No. 16-80102-CIV, 2017 WL 4304894, at *2 (S.D. Fla. May 2017) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) (alterations omitted)).

As the Court discussed in its prior Order, Defendant did, in fact, have a full opportunity to depose Jason Dunbar after receiving the March 11, 2022 report, yet failed to do so. Defendant has admitted that it chose not to move to compel Dunbar's deposition after Dunbar refused to make himself voluntarily available for a deposition. [DE 154 at 7]. If Defendant had subpoenaed Dunbar and paid his professional fees and witness fees, Defendant most likely could have even deposed Dunbar without the need to file a motion compel.[1] Defendant also could have filed a motion to

---

[1] It appears that Dunbar's deposition was scheduled for April 19, 2022, but the deposition did not go forward because Defendant failed to subpoena Dunbar, and Defendant never paid the witness fees or professional fees. [DE 143-4; DE

compel Dunbar's deposition but inexplicably failed to do so. Defendant additionally could have moved for leave to retain an expert during the discovery period to contradict Dunbar's March 2022 findings relating to damages but chose not to. Rather, Defendant has now belatedly moved "in the alternative" to retain a rebuttal expert on the eve of the August 15, 2022 specially set trial. If granted, this request would most likely require a continuance of the specially set trial and unnecessarily interfere with this Court's schedule. The Court finds that Defendant has not shown good cause or excusable neglect for failing to depose Dunbar and/or failing to retain a rebuttal expert before the discovery cutoff elapsed.

Finally, the Court notes that Defendant did not seek the deposition of Dunbar or time to retain a rebuttal expert in its original Objection and Motion to Strike Affidavit of Jason Dunbar [DE 132] or in its reply [DE 154]. Thus, Defendant should not be permitted to belatedly seek such relief now, on the eve of trial, especially after waiting almost a month after the Court's Order was entered to file its Motion.

## **CONCLUSION**

Based on the foregoing, it is hereby **ORDERED** that Defendant's Motion to Alter or Amend an Order [DE 162] is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 11th day of July, 2022.

WILLIAM MATTHEWMAN
United States Magistrate Judge

---

143-5].