UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 20-cv-81254-MATTHEWMAN

JAY MOLBOGOT,

    Plaintiff,

vs.

MARINEMAX EAST, INC.,

    Defendant.

_____/

FILED BY _____KJZ_____ D.C.

Jul 19, 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## ORDER DENYING PLAINTIFF'S RULE 56(g) MOTION TO DETERMINE FACTS AS ESTABLISHED IN THE CASE [DE 168]

**THIS CAUSE** is before the Court upon Plaintiff, Jay Molbogot's ("Plaintiff") Rule 56(g) Motion to Determine Facts as Established the Case ("Motion") [DE 168]. Defendant, MarineMax East, Inc. ("Defendant"), has filed a response [DE 170] to the Motion[1], and Plaintiff has filed a reply [DE 171]. This matter is now ripe for review.

## MOTION, RESPONSE, AND REPLY

In his Motion, Plaintiff requests that the Court make a determination that all of the facts contained within the "Undisputed Facts" section of the Order on the Parties' Cross-Motions for Summary Judgment [DE 167] "are not genuinely in dispute and are established in this case for purposes of trial." [DE 168 at 2]. According to the Motion, if the Court treats those facts as established, it will "streamline the litigation and narrow the issues at trial." *Id.* at 3.

---

[1] The response was filed over four hours late, but the Court will consider it regardless. The Court will not put form over substance and prefers to determine this matter on the merits.

In response, Defendant argues the Court has discretion to decide whether or not to deem facts established for purposes of trial. [DE 170 at 3–4]. Next, Defendant maintains that the Court should choose to exercise its discretion to not deem any fact as established for the jury trial in this case just because Defendant chose not to dispute the facts in the summary judgment context. *Id.* at 4–5. Defendant also asserts that the Court may not deem facts as established when said "facts" are actually conclusions of law, opinions, and/or statements based on suppositions or the facts are inaccurate, inadmissible, or tangential. *Id.* at 5–6. Defendant lists several examples of facts which it believes are not proper for Rule 56(g) adjudication. *Id.* at 7–19. Finally, Defendant argues that deeming the facts set forth in the Court's Order on the Parties' Cross-Motions for Summary Judgment as established would severely prejudice its ability to present its case at trial. *Id.* at 19.

In reply, Plaintiff argues that, in its response, Defendant has again failed to "provide pin-point citations to substantiate its claim that facts are disputed." [DE 171 at 1]. Plaintiff further asserts that, "Defendant cannot, as a matter of law, rely on pure argument and conjecture to seek to dispute the established record." *Id.* According to Plaintiff, the Court has already "made specific findings as to what remains in controversy to be determined by the jury. The trial in this matter should, therefore, focus on the true matters in controversy rather than re-litigating what is undisputed on the record." *Id.* at 9.

## APPLICABLE LAW

Federal Rule of Civil Procedure 56(g) becomes relevant "only after the court has applied the summary-judgment standard carried forward in subdivision (a) to each claim, defense, or part of a claim or defense, identified by the motion." *Doe v. Bibb Cnty. Sch. Dist.*, 126 F. Supp. 3d 1366, 1375 (M.D. Ga. 2015), *aff'd*, 688 F. App'x 791 (11th Cir. 2017). "If the court does not grant

all the relief requested by the motion, it may enter an order stating any material fact—including an item of damages or other relief—that is not genuinely in dispute and treating the fact as established in the case." Fed. R. Civ. P. 56(g). "Such an order is warranted where the moving party has met its burden and non-movant fails to adduce competent evidence of specific facts alleged." *Disler v. Royal Caribbean Cruise Ltd.*, No. 17-CV-23874, 2019 WL 1316995, at *6 (S.D. Fla. Feb. 19, 2019), *report and recommendation adopted,* No. 17-23874-CIV, 2019 WL 1992929 (S.D. Fla. Mar. 15, 2019) (citing *Tampa Bay Water*, 2011 WL 3101803, at *6 (concluding that plaintiff had failed to offer evidence in support of future loss of damages and entering an order treating the issue as established)).

"Rule 56(g) unambiguously permits, *but does not require*, the Court to enter judgment on discrete factual questions." *Obremski v. Armor Corr. Health Servs., Inc.*, 467 F. Supp. 3d 1265, 1285 (S.D. Fla. 2020) (citing Fed. R. Civ. P. 56(g)). Rule 56(g)'s Advisory Committee's notes make clear that, "[e]ven if the court believes that a fact is not genuinely in dispute it may refrain from ordering that the fact be treated as established." Fed. R. Civ. P. 56(g) advisory committee's note to 2010 amendment. In these circumstances, the "court may conclude that it is better to leave open for trial facts and issues that may be better illuminated by the trial of related facts that must be tried in any event." *Id.*

## ANALYSIS

The Court has carefully reviewed the parties' papers, the relevant case law, and Rule 56(g). It is clear that the Court has discretion as to whether or not to enter an order stating that any material fact is not genuinely in dispute and to treat the fact as established in the case. Plaintiff primarily relies on the case of *Setai Hotel Acquisition, LLC, v. Miami Beach Luxury Rentals, Inc.*, 16-21296-

CIV, 2017 WL 11630385 (S.D. Fla. Aug. 25, 2017), to support his Motion. However, in that case, the court chose to use its discretion to enter an order finding that a limited number of facts were not or could not be genuinely in dispute. *Id.* at *1.

In the case at hand, however, Plaintiff is seeking an order which makes a determination that <u>all</u> of the facts contained within the "Undisputed Facts" section of the Order on the Parties' Cross-Motions for Summary Judgment are established in this case for purposes of trial. The "Undisputed Facts" section at issue is approximately eight pages in length. This is not a situation where Plaintiff has identified a limited handful of facts that are undisputed and need not be supported by evidence at trial. Furthermore, the cases cited by Plaintiff in which courts deemed as established for trial the movant's entire statement of undisputed facts are all from outside of the Southern District of Florida and even from outside of the Eleventh Circuit. [DE 171 at 3].

In its discretion, the Court finds that granting the Motion would clearly be prejudicial to Defendant and would be an abuse of Rule 56(g). Additionally, deeming the "Undisputed Facts" as established for purposes of trial would not necessarily aid the jury or save time at trial given the logistical problems that it would cause. This is because, even if the Court did grant Plaintiff's Motion, Defendant would be permitted to establish additional facts at trial through evidence and testimony. Such a disjointed presentation of the evidence would simply confuse the jury and prejudice Defendant. In sum, given the number of the facts and the specific pending causes of action, this is a case where all of the relevant facts should proceed to the jury trial.

Based on the foregoing, it is hereby **ORDERED** that Plaintiff's Rule 56(g) Motion to Determine Facts as Established the Case [DE 168] is **DENIED**. However, the Court does encourage the parties to confer and attempt to agree on a factual stipulation that could aid the jurors

at trial and shorten the length of the trial.

     **DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the

Southern District of Florida, this 19th day of July, 2022.

WILLIAM MATTHEWMAN
United States Magistrate Judge